# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | **No. 09-CR-4045-DEO** |
| vs. | **ORDER ON PRO SE FILING** |
| **RICHARD BUD HAYS**, | |
| Defendant. | |

Before the Court is Defendant's pro se "Motion for Leave to File Notice of Appeal Out of Time and to Appoint Counsel." Docket No. 672. The Defendant, Mr. Hays, is currently serving a 120 month sentence for charges related to the manufacture of methamphetamine. Mr. Hays plead guilty pursuant to a plea agreement, and this Court sentenced him on January 2, 2011. See Docket No's. 465 and 619. Mr. Hays did not appeal his sentence.

## I. DIRECT APPEAL

In his current Motion, Mr. Hays states that he believed his attorney was pursuing an appeal of his case. Mr. Hays states that when he found out his attorney was not pursuing an appeal, he filed the present pro se Motion. In his pro se Motion, he asks the Court to allow him to appeal the judgment against him.

The 8th Circuit Court of appeals has stated that under Federal Rule of Appellate Procedure 4(b), the timely filing of a notice of appeal is mandatory. United States v. Anna, 843 F.2d 1146, 1147 (8th Cir. 1988). The 8th Circuit Court of Appeals previously stated that in situations where a notice of appeal was not timely taken, the Court lacked jurisdiction to consider it. However, the 8th Circuit recently stated that:

> [u]nlike Federal Rule of Appellate Procedure 4(a), Rule 4(b) is not grounded in statute and is set forth only in a court-prescribed rule of appellate procedure. Court-prescribed rules of practice and procedure, as opposed to statutory time limits, "do not create or withdraw federal jurisdiction." Kontrick v. Ryan, 540 U.S. 443, 453 (2004) (quotation and citation omitted). Rule 4(b) is thus a claim-processing rule, like the rules at issue in Kontrick and Eberhart v. United States, 546 U.S. 12 (2005) (per curiam). In accordance with all other circuits that have considered the issue, we hold that Rule 4(b) is not jurisdictional.

United States v. Watson, 623 F.3d 542, 545-46 (8th Cir. 2010). Accordingly, the Court has jurisdiction to consider Mr. Hays' late notice of appeal.

The procedure for filing a notice of appeal in a criminal case is governed by Federal Rule of Appellate Procedure 4(b), which states in pertinent part:

2

> (1) Time for Filing a Notice of Appeal
> (A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
> (i) the entry of either the judgment or the order being appealed; or
> (ii) the filing of the government's notice of appeal.
> (B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of:
> (i) the entry of the judgment or order being appealed; or
> (ii) the filing of a notice of appeal by any defendant...
> (4) Motion for Extension of Time. Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b). The 8th Circuit has interpreted Rule 4(b) to mean that a district court may consider motions by a defendant for an extension of time to file a notice of appeal "no later than forty days after judgment." United States v. Cheek, 761 F.2d 461, 462 (8th Cir. 1985). After the "forty day period expires, there is nothing that either a district court or a court of appeals can do to extend the time for filing a notice of appeal." Id.

This Court received Mr. Hays' notice of appeal on April 16, 2014, more than three years after judgment in the above captioned case became final. Accordingly, the Court cannot grant his pro se Motion or allow him to directly appeal this Court's judgment.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his pro se Motion, Mr. Hays argues that his counsel was ineffective for failing to file a timely appeal of his conviction. Ineffective assistance of counsel is a matter generally reserved for a habeas action pursuant to 28 U.S.C. § 2255. Accordingly, the Court will consider Mr. Hays' filing as a pro se 28 U.S.C. § 2255 petition.

**IT IS HEREBY ORDERED THAT** the Clerk of Court shall file Mr. Hays' pro se pleading, Docket No. 672, as a pro se 28 U.S.C. § 2255 Petition with its own civil case caption.

## III. TIME LIMIT

According to 28 U.S.C. § 2255(f),

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation

> of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As stated above, this Court entered Judgment against Mr. Hays on January 5, 2011. Docket No. 619. Mr. Hays filed the present pro se Motion on April 16, 2014, well outside the one year limitation period. However, the one-year statute of limitation may be equitably tolled if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (internal citations omitted). In his pro se Motion, Mr. Hays alleges that extraordinary circumstances, his counsel's ineffective assistance, caused him to miss the relevant filing deadlines. Accordingly, the Court will allow Mr. Hays' Petition to proceed past this initial stage.[1]

---

[1] This is not the Court's final ruling on the statute of
(continued...)

**IV. APPOINTMENT OF COUNSEL.**

Based upon a review of the submitted pleading, the Court has determined that appointed counsel is appropriate in order that the Plaintiff be adequately represented in this matter. A court has discretion to appoint counsel "at any stage of the proceeding if the interest of justice so requires." 18 U.S.C. §3006A(a)(2)(B); Fed.R.Gov. §2255 Proc. 8(c). Appointment of counsel is mandated only if the court grants an evidentiary hearing, Rule 8(c), or if the court permits discovery and deems counsel "necessary for effective utilization of discovery procedures." Rule 6(a). Based upon a review of the submitted pleading, the Court has determined that appointed counsel is appropriate in order that the Plaintiff be adequately represented in this matter.

**UPON THE FOREGOING, IT IS HEREBY ORDERED** that the Clerk of Court shall appoint counsel to represent pro se Petitioner in the 28 U.S.C. §2255 matter.

---

[1](...continued)
limitations issue. Rather, the Court is saying that it will appoint Mr. Hays counsel and allow counsel to address this issue on the merits.

**IT IS FURTHER HEREBY ORDERED** that Petitioner's newly appointed counsel shall have thirty (30) days from the date of his/her appointment to file an amended petition, setting out the proper defendant and supplementing Mr. Hays' allegations in the appropriate manner.

**IT IS FURTHER ORDERED** that the Respondent shall have thirty (30) days from the date Petitioner's counsel files a supplemental pleading and brief, if any, within which to file a responsive pleading and brief.

## V. FORMER COUNSEL

Finally, the Court notes that Mr. Hays raises a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) (citing Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974)("When a client calls into public question the competence of his attorney, the privilege is waived.")). Therefore, counsel whose representation is challenged shall cooperate with the United States and provide information, documents, and an affidavit, if necessary,

7

responsive to any ineffective assistance of counsel claim in Mr. Hays's § 2255 motion. **Mr. Hays was represented in criminal case number 09-CR-4045-DEO by attorney Patrick Parry. Mr. Parry shall receive a copy of this Order, be added to the docket in this matter by the Clerk of Court, and will be required to participate in any hearing scheduled on the merits of the Petition**.

VI. CONCLUSIONS

For the reasons set out above, Mr. Hays' pro se Motion to File an Out of Time Appeal, Docket No. 672, is DENIED. However, the Clerk of Court shall file Docket No. 672 as a pro se 28 U.S.C. § 2255 Petition. Additionally, the Clerk of Court shall appoint Mr. Hays § 2255 counsel. Appointed counsel will have 30 days to file an amended pleading. Respondent shall have 30 days from Petitioner's pleading to file a responsive pleading. Finally, former counsel, Patrick Parry, will assist the Government as set out above.

**IT IS SO ORDERED** this 7th day of May, 2014.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa